### THE STATE OF KANSAS V. G. C. JACKSON.

FALSE PRETENSES — *Obtaining Money — Verdict of Guilty, Sustained.* A firm, of which the defendant was a member, kept about 390 steers during the summer and part of the fall of 1887, in the Indian Territory. On the 20th of November 202 head of them were shipped to Kansas City, Mo., and sold with defendant's knowledge. On the 9th day of December he executed a bill of sale for 383 head as being at "Hayden's ranch, on Lightning creek, Indian Territory," and stated then that a few of them might have died and the others might be scattered, but that there were at least 383 in the Indian Territory. Relying upon this statement, the purchaser paid $2,000 in cash to a bank to liquidate the indebtedness of the firm to which the defendant belonged. *Held,* The evidence was sufficient to sustain a verdict against the defendant of guilty of obtaining money under false pretenses.

*Appeal from Montgomery District Court.*

THE opinion states the case.

*W. R. Cowley,* and *S. M. Porter,* for appellant.
*L. B. Kellogg,* attorney general, for The State.

Opinion by HOLT, C.: On the 29th day of December, 1888, in the Montgomery district court, G. C. Jackson, the defendant, was convicted of obtaining money under false pretenses, and was sentenced to confinement in the penitentiary for four years. From that judgment he appeals to this court. The only question we can consider under the record, is whether such verdict and sentence were supported by sufficient evidence.

In the summer and fall of 1887, G. C. Jackson, J. C. Price and Daniel Wilson owned about 380 or 390 head of yearling steers, kept at Hayden's ranch, on Lightning creek in the Indian Territory. About the middle of November, 1887, the defendant, Jackson, entered into some negotiations looking to the sale of his interest in the cattle to Daniel Sanders, a colored man living in the territory, and at that time went with him and showed him 175 or 180 head of them. There was no def-

inite understanding arrived at between them at that time. After some further parley, on the 2d of December, 1887, Jackson made a conditional sale of 383 head of cattle to Daniel Sanders and one G. C. Funk, for the price of $2,900. This sale was contingent upon the finding of at least 300 head of cattle, and the approval of Sanders and Funk after they had made an examination of the stock in the territory. For various reasons neither Sanders nor Funk saw the cattle after this conditional sale, and upon the 9th of December, Funk failing to appear, a sale of the same cattle was effected by Jackson, Price and Wilson to Daniel Sanders. On the 2d of December, when the conditional sale was made to Sanders and Funk, a bill of sale was executed by Jackson, Price and Wilson for 383 head of cattle in the Indian Territory, to Sanders, and delivered to him; and when this new sale was made, it was agreed by them all that the bill of sale made on the 2d of December should remain as the evidence of this sale. On the 9th of December, the same time the sale was made, Sanders executed a bill of sale to Bridges of a part of the cattle, and Bridges furnished a portion of the money to pay Jackson, Price, and Wilson. At this time there was $2,645 paid to the First National Bank of Coffeyville, Kansas, to extinguish a debt of Jackson, Price, and Wilson. There is a little uncertainty as to the amount paid in money and the amount settled for by note signed by Sanders and Bridges; the cashier of the bank testified that $2,027 was paid in cash, and a note executed for $618.35; another witness testified that there was $2,200 paid in cash. At the same time there was a note for $254.65 executed by Sanders and Bridges and delivered to Jackson.

Jackson stated at the time of the sale that the cattle were in the Indian Territory; that they might be a little scattered, but were all there; that four or five of them might have died, out of the original herd, but at least 383 head were in the territory belonging to them. Sanders and Bridges found after search and investigation only about 50 head of steers, and a part of those were claimed at first by Harrison, Turner and

29—42 KAS.

Henry C. Hayden as their own property. Their claim was soon after abandoned.

It appears in evidence that on the 20th of November, 1887, twelve days before the conditional sale to Sanders and Funk, and nineteen days before the sale to Sanders upon which the money was paid, 202 head of cattle bearing the same description as the cattle owned by Jackson, Price and Wilson were driven from Hayden's ranch, in the Indian Territory, to Montgomery county, Kansas, and there shipped to Kansas City, Missouri, and sold. They were shipped in the name of Harry Still and Henry Clay; they were really shipped by Harrison Turner and Henry C. Hayden, but in the deposition introduced at the trial, Turner stated that his name was Harry Still, although he was known as Harrison Turner, and Hayden stated that his real name was Henry Clay, but that he was often called Henry C. Hayden.

We think this shipment was with the knowledge at least, of the defendant Jackson. James Thornton testified that on the 20th of November, 1887, that Hayden, Still, Jackson the defendant, Price, three colored boys and himself, went to the Indian Territory and cut out of the herd of cattle belonging to Jackson, Price and Wilson 202 head of steers and drove them to the railroad; they drove first to Russell creek and then to Chetopa, thence back to Russell creek, where they were put on the cars and billed for Kansas City. He testified that he knew the Jackson, Price and Wilson cattle, and these were cut out of that herd, and only 50 head left on the ranch. He stated that at the time he was at work for Jackson, and went with the cattle from Chetopa to Kansas City.

This was the substance of the testimony upon which the verdict of guilty was found. To be sure there was the deposition of Still and Hayden, taken in the Indian Territory, that the cattle shipped at that time were their own cattle, and not the property of Jackson, Price and Wilson at all; but we are fully satisfied from all the evidence in the case, that the 202 head of steers shipped to Kansas City were the cattle that belonged at that time to Jackson, Price and Wilson, and that

Jackson himself knew of, and probably was a party to that shipment and the subsequent sale. When he made the statement to Sanders and Bridges at the time of the sale, December 9, 1887, that the cattle described in his bill of sale were at Hayden's ranch, Lightning creek, in the Indian Territory, it was a false statement, and he knew it to be such when he made it, and he made it for the purpose of obtaining from Sanders and Bridges the money to pay Jackson, Price and Wilson's indebtedness to the bank. He said the cattle were in the Indian Territory and belonged to them, when he knew they were not there, and had been sold. By this false statement he induced Sanders and Bridges to pay over $2,000 cash to the bank, and give their note thereto for over $600, to liquidate the indebtedness of the firm to which he belonged.

After a consideration of all the testimony, we believe that the verdict was amply sustained by the evidence, and recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.